**Opinion issued July 24, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00754-CV

————————————

**JOSEPH BRAMANTE, Appellant**

**V.**

**HRO PROPERTY OWNER, LP, Appellee**

On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Case No. 1230556

## MEMORANDUM OPINION

This is an appeal from a forcible detainer judgment in favor of appellee. Appellant's brief asserts that this appeal is moot and must be dismissed because "Appellant is no longer in possession of the Premises and [Appellant] is not asserting a claim of right to current, actual possession of the Premises." Appellee subsequently

filed a motion to dismiss this appeal as moot on the same basis asserted in appellant's brief. Upon consideration of appellant's brief and appellee's motion, we agree that the appeal is moot. Accordingly, we vacate the county court's judgment and dismiss the appeal.

The only issue in a forcible-detainer action, like this one, is the right to actual possession of the premises. TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). When a tenant is no longer in possession of the property, an appeal from a forcible detainer action becomes moot unless the tenant asserts "a potentially meritorious claim of right to current, actual possession" of the property. *See Marshall*, 198 S.W.3d at 787 (citing *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)). Here, the parties agree that appellant is no longer in possession of the premises and does not assert a claim of right to current, actual possession of the property.

Accordingly, we vacate the county court's judgment and dismiss the case as moot. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction."); *Marshall*, 198 S.W.3d at 788 ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a

2

judgment on its merits is precluded."). We dismiss all other pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.